NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

DONALD SCHAEFFER,                    :
                                     :    Civil No. 21-11057(RMB-SAK)
            Plaintiff,               :
                                     :
       v.                            :         **OPINION**
                                     :
                                     :
DENNIS CRAIG, *et al.*,     :
                                     :
            Defendants.              :
                                     :

BUMB, District Judge:

     Plaintiff Donald Schaeffer, an inmate confined at Atlantic County Justice Complex in Mays Landing, New Jersey, seeks to bring this civil action in forma pauperis under 28 U.S.C. § 1915.  At this time, the Court must review the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.  For the reasons below, the Court determines that dismissal of the entire Complaint is not warranted at this time.  The Court, however, will stay the remaining claims pending Plaintiff's anticipated criminal trial.[1]

---

[1] According to public record, a court convicted and sentenced Plaintiff for crimes that occurred before the events that gave

I. DISCUSSION

    A.   <u>Complaint</u>

The Court will construe the factual allegations of the Complaint as true for the purpose of this Opinion.  This case arises from an alleged illegal traffic stop and subsequent search and seizure of a controlled substance.  (ECF No. 1, at 4.)  Plaintiff names Officer Craig Dennis[2] and "John and Jane Does" as Defendants in this matter.  (<u>Id.</u> at 1.)

On July 14, 2020, Defendant Dennis observed Plaintiff "in conversation with a white male in a black neighborhood" and, based solely on this observation, allegedly decided to arrest Plaintiff. (<u>Id.</u> at 4.)  After the conversation concluded, Plaintiff got in his car and left.  (ECF No. 1-2, at 1-2.)[3]  Defendant Dennis followed Plaintiff's car, observed Plaintiff turn without displaying a turning signal, and initiated a traffic stop.  (<u>See id.</u> at 2.)

_____

rise to this action.  It appears that Plaintiff awaits criminal trial for crimes arising from the events described below.

[2] Although the case caption names "Dennis Craig" as a defendant, Plaintiff later refers to this defendant as "Craig Dennis."  It appears to the Court that the correct name is Craig Dennis, and the Court will hereinafter refer to him as "Defendant Dennis."

[3] A district court may consider the exhibits a plaintiff attaches to the complaint in deciding a motion to dismiss, <u>see</u> <u>Sands v. McCormick</u>, 502 F.3d 263, 268 (3d Cir. 2007), and, by extension, when screening complaints pursuant to 28 U.S.C. § 1915(e)(2)(B).  <u>See</u> <u>Schreane v. Seana</u>, 506 F. App'x 120, 122 (3d Cir. 2012).  Here, Plaintiff attaches the Pleasantville Police Department's Incident Report regarding the events and expressly incorporates it into his Complaint.  (<u>See</u> ECF No. 1, at 3.)

During the traffic stop, Defendant Dennis ran a search on Plaintiff. (Id.)   The search revealed a warrant for Plaintiff's arrest. (Id.)   Defendant Dennis placed Plaintiff into custody and conducted a search incident to the arrest. (Id.)   The search yielded purple capsules containing a white crystal substance that officers believed to be crack cocaine. (Id.)

Plaintiff denies possessing crack cocaine. (ECF No. 1, at 4.)   He alleges that Defendant Dennis did not file a report on the incident or place the evidence in storage until three days later. (Id.)   Plaintiff also alleges that Defendant Dennis did not conduct a field test to determine if the alleged substance recovered was actually a controlled substance. (Id.)   Plaintiff further alleges that the prosecutor has yet to produce a certified lab report demonstrating that Defendant Dennis found crack cocaine. (Id.)

Plaintiff filed the instant Complaint on May 6, 2021.[4]   In it, he alleges that Defendant Dennis violated his civil rights by illegally stopping him, arresting him, and charging him for

[4] The "prisoner mailbox rule" provides that courts should deem an inmate's pleadings as filed at the moment he delivers the documents to prison officials to be mailed, and not the date the clerk files the documents in court. Houston v. Lack, 487 U.S. 266, 275–76 (1988).   The rule applies to Section 1983 complaints. White v. Pa. State Police, 408 F. App'x 521, 522 (3d Cir. 2003).   When applying the rule, district courts use the date the prisoner signed the documents as the presumed delivery date in cases, whereas here, there is no clear record of delivery to prison officials. See Howard v. Masteron, No. 06-5632, 2009 WL 5184476, at *1 n.2 (E.D. Pa. Dec. 22, 2009).

possession of a controlled substance that he did not possess. (Id.)

B.  Standard for Sua Sponte Dismissal

"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." Schreane, 506 F. App'x at 122. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Twombly, 550 U.S. at 556.)

"[A] court must accept as true all of the allegations contained in a complaint." Id. A court need not accept legal conclusions as true. Id. Legal conclusions, together with threadbare recitals of the elements of a cause of action, do not suffice to state a claim. Iqbal, 556 U.S. at 678. Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 679. "While legal conclusions can provide the framework of a complaint, they must be

4

supported by factual allegations." Id.  If a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment. Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002).  A court must liberally construe a pro se complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007).

    C.   Municipal Liability

As an initial matter, Plaintiff asserts Section 1983 claims against Defendant Dennis in his individual and official capacities.  For the reasons below, the Court will dismiss without prejudice Plaintiff's claims against Defendant Dennis in his official capacity.

An action against municipal police officers in their official capacities is, in effect, an action against the municipality. Miller v. Brady, 639 F. App'x 827, 832 (3d Cir. 2016).  Thus, Plaintiff's claims against Defendant Dennis, an officer of the Pleasantville Police Department, is, in effect, a claim against the City of Pleasantville and/or Atlantic County. See id.

A municipality or county, however, may not be vicariously liable under § 1983 for the actions of its employees and instead must itself have direct or personal involvement in the alleged wrong.  See Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988).  To state a § 1983 claim against a local government, therefore, a plaintiff must generally identify a policy,

5

ordinance, or practice of the official's employer, which caused or resulted in the alleged constitutional violations.  See Monell v. New York City Dep't of Social Servs., 436 U.S. 658, 690–91 (1978).

In this matter, Plaintiff fails to identify a policy or practice of Defendant Dennis' employer.   Although Plaintiff alleges that black officers racially profile black men who converse with white citizens in black neighborhoods, Plaintiff does not allege that such racial profiling is a policy or practice of the municipality. (See ECF No. 1, at 4.)  Accordingly, Plaintiff fails to state a municipal liability claim, and the Court will dismiss without prejudice Plaintiff's claims against Defendant Dennis in his official capacity.

D.   Section 1983 Claims

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. (ECF No. 1, at 1.)  To state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255–56 (3d Cir. 1994). The Court liberally construes the Complaint as raising Fourth Amendment unlawful seizure, false arrest/imprisonment, and malicious prosecution claims as well as a Fourteenth Amendment fabricated evidence claim.

6

      1.   Unlawful  seizure,  false  arrest,  and  false imprisonment claims

Plaintiff claims that Defendant Dennis violated his Fourth Amendment rights by unlawfully stopping his car on July 14, 2020. (ECF No. 1, at 4.)  The Court construes the Complaint as also asserting that Defendant Dennis violated Plaintiff's Fourth Amendment rights by falsely arresting and imprisoning him.  (See id.) As set forth below, the Court declines to consider the merits of Plaintiff's unlawful seizure and false arrest/imprisonment claims at this time because they relate to rulings that will likely be made in his anticipated criminal proceedings arising from the same events.  Instead, the Court will stay those claims until Plaintiff's criminal case, or the likelihood of his criminal case, has ended.

The Fourth Amendment provides that "the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated . . . ." U.S. Const. amend. IV.  A seizure occurs when a government actor "by means of physical force or show of authority, has in some way restrained the liberty of a citizen."  Terry v. Ohio, 392 U.S. 1, 19 n.16 (1968).  "A routine traffic stop is considered a seizure under the Fourth Amendment."  United States v. Wilson, 413 F.3d 382, 386 n.3 (3d Cir. 2005).

Likewise, it is well-established that an arrest without probable cause is a constitutional violation actionable under § 1983. See Walmsley v. Philadelphia, 872 F.2d 546, 551 (3d Cir. 1989). Moreover, "where the police lack probable cause to make an arrest, the arrestee has a claim under § 1983 for false imprisonment based on a detention pursuant to that arrest." O'Connor v. City of Philadelphia, 233 F. App'x 161, 164 (3d Cir. 2007).

The Court need not consider the merits of Plaintiff's unlawful seizure and false arrest/imprisonment claims at this time, however, because it appears that a court has not convicted Plaintiff of the crimes for which Defendant Dennis charged him. "If a plaintiff files a false-arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended." Wallace v. Kato, 549 U.S. 384, 393 (2007). "If the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction, Heck[5]

_____

[5] Heck v. Humphrey, 512 U.S. 477, 487 (1984) (directing that, when a state prisoner seeks damages in a Section 1983 suit, "the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless

will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit." Id.

Here, the validity, or not, of Defendant Dennis' traffic stop and whether Defendant Dennis had probable cause to make the arrest and detain Plaintiff are issues critical to the validity and viability of the state criminal charges. Accordingly, it is almost inevitable that the parties will litigate, and a court will rule on, those issues in the state criminal case. The Court, therefore, exercises its discretion to stay Plaintiff's unlawful seizure and false arrest/imprisonment claims until his criminal case, or the likelihood of his criminal case, has ended. See id.

     2.   Malicious Prosecution and Fabricated Evidence Claims

The Court also liberally construes the Complaint as asserting malicious prosecution and fabricated evidence claims. As explained below, the Court will dismiss these claims without prejudice, rather than stay them pending Plaintiff's criminal case, because such causes of action have not accrued.

Police officers may be liable for malicious prosecution if they conceal or misrepresent material facts to the prosecutor. See Halsey v. Pfeiffer, 750 F.3d 273, 297 (3d Cir. 2014). A plaintiff asserting a malicious prosecution claim must establish

---

the plaintiff can demonstrate that the conviction or sentence has already been invalidated").

that: (1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in the plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding.  See McKenna v. City of Philadelphia, 582 F.3d 447, 461 (3d Cir. 2009).

A criminal defendant may also have a stand-alone fabricated evidence claim against state actors under the Due Process Clause of the Fourteenth Amendment where there is a reasonable likelihood that, absent that fabricated evidence, officers would not have criminally charged the defendant.  Black v. Montgomery Cty., 835 F.3d 358, 371 (3d Cir. 2016).  However, there is a "notable bar" for evidence to be considered "fabricated."  Id.  Evidence "that is incorrect or simply disputed should not be treated as fabricated merely because it turns to have been wrong."  Id. (citation omitted).  Instead, a plaintiff must allege facts suggesting that the proponents of the evidence are aware that evidence is incorrect or that the evidence is offered in bad faith.  See id.

A malicious prosecution or fabrication of evidence claim under § 1983, nevertheless, does not accrue prior to favorable termination of the plaintiff's prosecution.  See McDonough v. Smith, 139 S. Ct. 2149, 2156 (2019).  Plaintiff has not alleged

that the criminal proceedings ended in his favor and it appears that such proceedings have yet to take place. The Court, therefore, will dismiss the malicious prosecution and fabrication of evidence claims because they have not accrued and, thus, are not viable at this time.

III. CONCLUSION

For the reasons set forth herein, the Court will dismiss without prejudice Plaintiff's claims against Defendant Dennis in his official capacity. The Court will also dismiss without prejudice Plaintiff's claims for malicious prosecution and fabricated evidence. Finally, the Court will stay Plaintiff's unlawful seizure and false arrest/imprisonment claims until his criminal case, or the likelihood of his criminal case, has ended. An appropriate order follows.


                                        s/Renée Marie Bumb
                                        **RENÉE MARIE BUMB**
                                        **United States District Judge**


Dated: July 21, 2021